IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE JEDLICKA,<br><br>  Plaintiff,<br><br>  v.<br><br>SIMMONS & COMPANIES, INC.,<br>MATHEW SIMMONS,<br><br>  Defendants. | 2:23-CV-00606-CCW |

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Counts One and Three of Plaintiff's Amended Complaint. ECF No. 10. For the reasons set forth below, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' Motion.

**I.    Background**

On June 26, 2023, Plaintiff Stephanie Jedlicka filed her First Amended Complaint against Defendants Simmons & Companies, Inc. and its CEO, Mathew Simmons (collectively "Simmons"), alleging violations of the Federal Labor Standards Act (Count I), the Pennsylvania Wage Payment and Collection Law (Count II), and the Pennsylvania Minimum Wage Act (Count III). *See generally* ECF No. 9.

In March of 2022, Simmons hired Ms. Jedlicka as the Vice President of Acquisitions. ECF No. 9 ¶ 8. Ms. Jedlicka alleges that she signed an employment agreement, the terms of which entitled her to a salary of $80,000 per year, in addition to twenty percent commission on investments she made for the company. ECF No. 9 ¶ 9. She asserts that she regularly worked more than 40 hours per week, averaging ten hours of overtime per week. ECF No. 9 ¶¶ 18, 54. Ms. Jedlicka contends that, in August 2022, Simmons cut her pay to a rate of $40,000 per year

without any notice or warning, in violation of her employment agreement. ECF No. 9 ¶¶ 10, 52. She alleges that Simmons failed to pay her overtime wages for 25 hours of work she did while on vacation, and failed to pay her the commission on investments she made for the company. ECF No. 9 ¶¶ 26, 35, 38, 71. Simmons terminated Ms. Jedlicka on November 17, 2022. ECF No. 9 ¶ 17.

Simmons now moves to dismiss Counts I and III of Ms. Jedlicka's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Simmons contends that Ms. Jedlicka has failed to allege facts sufficient to show that she was paid less than the minimum wage under the FLSA and PMWA. ECF No. 11 at 5–6. Simmons further asserts that Ms. Jedlicka has failed to state a claim for overtime wages because she was an exempt employee and was not entitled to overtime pay under the FLSA and PMWA. ECF No. 11 at 6–7.

## II. Legal Standard

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

B.   **FLSA and PMWA Framework**

Generally, the FLSA and PMWA are analyzed under the same framework. *See Burrell v. Staff*, 60 F.4th 25, 42–49, 56 n. 13 (3d Cir. 2023) (analyzing plaintiffs' FLSA claims and PMWA claims under the same framework); *Ovalle v. Harris Blacktopping, Inc.*, No. 21-3591, 2021 WL 6063576, at *5–11 (E.D. Pa. Dec. 22, 2021) (same); *Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 613 (E.D. Pa. 2015) (indicating that the PMWA "substantially parallels" the FLSA and applying the same framework to claims under both Acts). Furthermore, the PMWA itself cites to the FLSA and directs that the Pennsylvania minimum wage under the PMWA should be increased in accordance with the FLSA. 43 Pa. Con. Stat. § 333.104(a.1) (citing 29 U.S.C. § 201 *et seq.*).

3

Therefore, the Court will analyze Ms. Jedlicka's FLSA and PMWA claims under the same framework.

**III.   Legal Analysis**

    **A.   Ms. Jedlicka has Failed to State a Claim for Regular Wages under the FLSA and PMWA But Has Adequately Stated a Claim for Overtime Wages.**

In her Amended Complaint, Ms. Jedlicka raises several claims under the FLSA and PMWA, including that Simmons failed to pay her (1) "regular wages"[1] according to her employment agreement, (2) overtime wages for hours worked beyond 40 hours per week, (3) commission on investments she allegedly made, and (4) compensation for hours worked while she was on vacation. ECF No. 9 ¶¶ 35, 38, 80–83. In the Motion to Dismiss, Simmons asserts that Ms. Jedlicka has failed to state a claim under Rule 12(b)(6) for Counts I and III of her Amended Complaint because at all relevant times she was paid more than the minimum wage and is an exempt employee. ECF No. 11 at 4–7. Ms. Jedlicka counters that she is a non-exempt employee and that Simmons failed to compensate her for regular wages, overtime wages, commission on investments, and hours worked on vacation. ECF No. 12 at 3–5. The Court finds that Ms. Jedlicka has failed to state a claim under the FLSA and PMWA for regular wages, commission on investments, and hours worked while on vacation because Simmons paid Ms. Jedlicka more than the minimum wage during her employment. The Court also finds, however, that Ms. Jedlicka adequately stated a claim for overtime wages under the FLSA and PMWA.

---

[1] The Court will construe Ms. Jedlicka's claims for regular wages as seeking compensation according to the employment agreement she alleges to have signed. Ms. Jedlicka asserts that the employment agreement provided for compensation at a base rate of $80,000 per year. ECF No. 9 ¶ 9. She contends that, in August 2022, Simmons reduced her rate of pay to $40,000 per year, and she is now entitled to compensation in line with the initial $80,000 base rate. ECF No. 9 ¶¶ 10, 41, 52.

### 1. Ms. Jedlicka has Failed to State a Claim that She was Paid Less Than the Minimum Wage.

The FLSA and PMWA require employers to pay employees the minimum wage, plus overtime if the employee is non-exempt. 29 U.S.C. §§ 206, 207; 43 Pa. Con. Stat. § 333.104(a). Under both Acts, the minimum wage is $7.25 per hour, and overtime is defined as any hours worked above 40 hours in a single workweek. 29 U.S.C. §§ 206(a), 207(a); 43 Pa. Con. Stat. §§ 333.104(a.1), (c). To determine if a salaried employee, like Ms. Jedlicka, was paid below the minimum wage, courts average the employee's salary across the actual time worked. *Ovalle*, 2021 WL 6063576, at *6 (finding that the district court properly rejected a minimum wage claim where the district court took the plaintiffs' salaries and averaged them across the total number of hours the plaintiffs actually worked).

Furthermore, there is "no cause of action under the FLSA for 'pure' gap time wages." *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014). Gap time arises where an employee worked 40 hours or less in a workweek and, by virtue of her salary, was paid more than minimum wage, although she alleges that her pay was still not fair. In such a scenario, the employee fails to state a claim for both minimum wages and overtime under the FLSA because she cannot allege that she was paid less than the minimum wage due to her average salary nor that she worked more than 40 hours a week. *Id.* at 243–44; *see also Rosario v. First Student Management LLC*, No. 15-6478, 2016 WL 4367019, at *6 (E.D. Pa. Aug. 16, 2016) (explaining that the FLSA does not prohibit the "failure to pay straight or gap time wages or the overall compensation anticipated by an employee agreement.").

Here, Ms. Jedlicka appears to assert claims under the FLSA and PMWA for regular wages, commissions on investments she made, and hours she worked while on vacation. ECF No. 9 ¶¶ 35,

41–45, 80–83, 90–96.  Her claims are not cognizable under the FLSA or PMWA because they are pure gap time claims.  Her claims constitute gap time claims because Simmons paid Ms. Jedlicka above the minimum wage during her employment.  To calculate her rate of pay, the Court will take the lowest amount Ms. Jedlicka alleged she was paid during her employment—a base rate of $40,000 per year—and average it across the time she alleged to actually have worked—a total of 1,875 hours[2] over 37 weeks.[3]  ECF No. 9 ¶¶ 35, 52–55.  Thus, the Court finds that her pay would have averaged—at the lowest—$15.18 per hour, which is well above the minimum wage.  And because Ms. Jedlicka's claims for regular wages, commissions, and vacation pay are not claims for overtime pay, they constitute gap time claims and are not cognizable under the FLSA and PMWA.  Accordingly, the Court will dismiss claims under Counts I and III for regular wages, commission on investments, and pay for time worked during vacation.

### 2. Ms. Jedlicka has Stated a Claim for Overtime Wages.

The FLSA and PMWA require employers to compensate employees time and a half for any time worked in excess of forty hours in a workweek.  29 U.S.C. § 207(a);  43 Pa. Con. Stat. § 333.104(c).  But the FLSA and PMWA exempt certain employees from the minimum wage and overtime pay requirements.  29 U.S.C. § 213;  43 Pa. Con. Stat. § 333.105.  These exemptions are construed narrowly against the employer.  *Smith v. Johnson & Johnson*, 593 F.3d 280, 284 (3d Cir. 2010).  The employer has the burden of proving that its employee is exempt.  *Martin v. Cooper*

---

[2] In her Amended Complaint, Ms. Jedlicka asserts that she worked for Simmons for 37 weeks.  ECF No. 9 ¶ 55.  During these 37 weeks, she states that she worked approximately 40 hours of regular time plus 10 hours of overtime each week.  ECF No. 9 ¶ 54.  Ms. Jedlicka also alleges that she worked 25 hours while on vacation.  ECF No. 9 ¶ 35.  Therefore, Ms. Jedlicka worked a total of 1,875 hours during her employment.

[3] To arrive at her minimum wage, the Court first determined her average weekly pay by taking the lowest yearly pay rate alleged in the Amended Complaint and dividing it by 52 weeks ($40,000/52 = $769 per week).  The Court then determined the average weekly hours worked by taking the total hours Ms. Jedlicka actually worked and divided it across the number of weeks she was employed (1,875 hours/37 weeks = 50.67 hours per week).  The Court then divided the average weekly pay rate across the average hours worked per week to calculate Ms. Jedlicka's minimum hourly wage ($769/50.67 = $15.18 per hour).

*Elec. Supply Co.*, 940 F.2d 896, 900 (3d Cir. 1991). On a motion to dismiss, "the factual predicate of [the exemption must be] . . . apparent from the face of the complaint." *Anzaldua v. WHYY, Inc.*, 160 F.Supp.3d 823, 826 (E.D. Pa. 2016). "Courts have uniformly held that unless it is apparent from the face of the complaint that an FLSA exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate." *Jackson v. Sweet Home Healthcare*, No. 16-2353, 2017 WL 1333001, at *2 (E.D. Pa. Apr. 5, 2017); *Southerton v. Borough of Honesdale*, No. 17-165, 2018 WL 1035774, at *6 (M.D. Pa. Feb. 23, 2018) (denying defendant's motion to dismiss because the court was "unable to say with certainty" that the administrative exemption applied).

Both Acts exempt any employee employed in "a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1); 43 Pa. Con. Stat. § 333.105(a)(5). The FLSA empowers the Secretary of Labor to define and delimit the terms of the FLSA's exemptions by regulation. 29 U.S.C. § 213(a); 29 C.F.R. § 541.200; *Smith*, 593 F.3d at 284 (explaining that the Secretary's regulations have "controlling weight"). To meet the administrative exemption, an employer must show that the employee (a) was paid on a salary or fee basis at a rate of not less than $455 per week, (b) performed a primary duty of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and (c) performed a primary duty that included the exercise of discretion and independent judgment regarding matters of significance. *Smith*, 593 F.3d at 284.[4]

Here, Simmons contends that Ms. Jedlicka is an exempt employee because she is employed in an administrative capacity. It asserts that she was paid at a salary rate of more than $455 per

---

[4] The PMWA administrative exemption differs slightly. It requires the employee to be paid a salary or fee at a rate of $875 per week or more. 34 Pa. Code § 231.83(3). This difference is immaterial to the Court's conclusion that Ms. Jedlicka has sufficiently stated a claim for overtime wages.

7

week, she performed a primary duty of office work as the Vice President of Acquisitions, and she exercised discretion and independent judgment in her primary office duty because she "independently generat[ed] investments for the company." ECF No. 11 at 7. Ms. Jedlicka concedes that she meets the salary requirements under the FLSA's exemption but contends that she did not exercise independent discretion or judgment in her duties. ECF No. 12 at 4.

      The Court finds that it is not apparent from the face of the Amended Complaint that Ms. Jedlicka is an exempt employee. The Amended Complaint notes that Ms. Jedlicka was employed as the Vice President of Acquisitions, ECF No. 9 ¶ 8, but her job title alone is insufficient to conclude that she is exempt. The only other evidence from the face of the Amended Complaint is Ms. Jedlicka's allusion to having made investments on behalf of Simmons. *See* ECF No. 9 ¶¶ 69–71 (claiming "Plaintiff is owed 20% of about $350,000 worth of investments, equating to $70,000" but not alleging that Plaintiff made $350,000 worth of investments). This too is insufficient to show that Ms. Jedlicka exercised independent judgment and discretion in matters of significance. *See Anzaldua*, 160 F. Supp. 3d at 826–27 (denying defendant's motion to dismiss because it was not apparent that plaintiff was an exempt employee where plaintiff plausibly alleged that she did not exercise discretion and independent judgment in securing donations and grants because she was generally required to follow specific procedures for doing so and also required her employer's authorization prior to entering into a contract); *Sally-Harriet v. Northern Children Services*, No. 17-4695, 2019 WL 1384275, at *9 (E.D. Pa. March 26, 2019) (denying defendant's motion to dismiss because at this early stage of the case, before discovery, the defendant failed to show that plaintiff was an exempt employee where, despite her title as Director of Human Resources, plaintiff alleged that her duties involved "mostly non-exempt work."). Therefore, at this early stage in the case, the Court concludes that Simmons has failed to meet its burden of showing that

it is apparent from the face of the Amended Complaint that Ms. Jedlicka was an exempt employee. Accordingly, the Court will deny the motion to dismiss with respect to claims for overtime pay under the FLSA and PMWA.

### B. Dismissal with Prejudice

Simmons contends that any dismissal of claims under the FLSA and PMWA should be with prejudice. ECF No. 11 at 7. In response, Ms. Jedlicka asserts that, if the Court dismisses her claims, she should be given leave to amend. ECF No. 12 at 5. The Court concludes that any amendment to Ms. Jedlicka's claims under the FLSA and PMWA for regular wages, commission on investments, or pay for time worked during vacation would be futile because, taking her allegations as true, Ms. Jedlicka cannot dispute that Simmons paid her above the minimum wage. *Parker v.4247 FX, Inc.*, No. 16-2710, 2017 WL 2002794, at *9 (E.D. Pa. May 12, 2017) (denying leave to amend an FLSA claim because the plaintiff was not employed by the defendant at the relevant times, so any claim under the FSLA was "a legal impossibility" and amendment would be futile). Therefore, the Court will dismiss her claims with prejudice.

### IV. Conclusion

For the reasons set forth above, Simmons' Motion to Dismiss Counts I and III of the Amended Complaint is **HEREBY GRANTED IN PART** and **DENIED IN PART**. The Court **DENIES** the Motion to the extent it seeks to dismiss Ms. Jedlicka's claims for overtime pay under the FLSA (Count I) and PMWA (Count III). The Court **GRANTS** the Motion to the extent it seeks to dismiss Ms. Jedlicka's remaining claims under the FLSA (Count I) and PMWA (Count III). Accordingly, Ms. Jedlicka's claims for payment of regular wages at a base rate of $80,000 per year, payment for commission on investments she made, and compensation for time worked while on vacation under Counts I and III of the Amended Complaint are **HEREBY DISMISSED**

**WITH PREJUDICE**.  Furthermore, **IT IS HEREBY ORDERED** that Defendants shall file an Answer to Count II of the Complaint and the remaining components of Counts I and III by January 23, 2024.

DATED this 9th day of January, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record